Thomas E. Robertson (CSB 262659)
Law Office of Thomas E. Robertson
225 Broadway, Suite 1460
San Diego, CA 92101
Tel: (619) 544 - 9911
Fax: (619) 238 - 1097
Email: thomas@robertsonSDlaw.com

Attorney for Plaintiff Cassandra Ann Harris

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CASSANDRA ANN HARRIS,<br>Plaintiff,<br>vs.<br>BRANDON T. GIBSON;<br>RODOLPHE SAINTE-AGATHE;<br>MICHAEL R. ROJAS;<br>CASEY MOSS; and<br>DOES 1-10,<br>Defendants. | Case No.: '16CV2684 JAH KSC<br>**COMPLAINT FOR DAMAGES BASED ON:**<br>**1. 42 U.S.C. § 1983 (Excessive Force)**<br>**2. 42 U.S.C. § 1983 (Unlawful Detention)**<br>**3. 42 U.S.C. § 1983 (Unlawful Arrest)**<br>**4. 42 U.S.C. § 1983 (Due Process)**<br>**DEMAND FOR JURY TRIAL** |

This lawsuit arises from law enforcement's use of excessive force against an unarmed person during an unlawful seizure. Plaintiff alleges:

**JURISDICTION AND VENUE**

1. This is a lawsuit for money damages under 42 U.S.C. § 1983, et seq., for the violations of Plaintiff's federal constitutional rights by officers of the San Diego Police Department. Jurisdiction therefore arises under 28 U.S.C. §§ 1331 and 1343.

2. Venue in this Court is proper under 28 U.S.C. § 1391(b). The incident took place in the County of San Diego.

**PARTIES**

3. Plaintiff Cassandra Ann Harris is a 28-year-old woman who currently resides in Atlanta, Georgia. At the time of the incident, Plaintiff was living in the County of San Diego.

4. At the time of the incident, Defendant Officer Brandon T. Gibson was a police officer for the San Diego Police Department. His officer ID number is 6849.

5. At the time of the incident, Defendant Officer Rodolphe Sainte-Agathe was a police officer for the San Diego Police Department. His officer ID number is 6318.

6. At the time of the incident, Defendant Officer Michael R. Rojas was a police officer for the San Diego Police Department. His officer ID number is 6840.

7. At the time of the incident, Defendant Officer Casey Moss was a police officer for the San Diego Police Department. Defendant Moss's officer ID number is 6973.

8. At all times relevant to this lawsuit, Defendants DOES 1-10 were employees of the San Diego Police Department and performed the relevant acts under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California.

9. The true names of Defendants named as DOES 1 through 10 are currently unknown to Plaintiff. Thus, Plaintiff sues those Defendants by fictitious names. Plaintiff will amend this Complaint to identify the true names when ascertained. Plaintiff is informed, believes, and thereon alleges that all Defendants sued as DOES are in some manner responsible for the acts and injuries giving rise to this lawsuit.

10. All Defendants are sued in their individual capacity as "persons" within the meaning of 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

11. During the early morning hours of November 29, 2014, Plaintiff witnessed an altercation between three women. One woman was beaten by the other two women, who were wielding sticks.

12. When police arrived, Plaintiff was standing close to the two women who were holding the sticks. Defendant Officer Sainte Agathe stayed with Plaintiff and the two women, while Defendant Officer Gibson spoke with the victim. The officers learned that the two women with the sticks were the assailants, and that Plaintiff was not involved.

13. While Officer Gibson was speaking with the victim, the two women with the sticks ran away. Plaintiff did not run.

14. Instead of pursuing the assailants, Officers Gibson and Sainte-Agathe detained Plaintiff. When Plaintiff indicated that she did not wish to be detained, Officer Gibson grabbed Plaintiff and eventually pushed her onto the hood of the patrol car, where he forced Plaintiff into handcuffs. Officer Sainte-Agathe assisted with the handcuffing. The handcuffs were too tight and caused significant pain.

15. Officers Gibson and Sainte-Agathe put Plaintiff in the patrol car.

16. Other officers arrived, including Defendants Officer Rojas, Officer Moss, and DOES 1-10.

17. Plaintiff was transferred into Officer Rojas' patrol car. By this point, however, Plaintiff was suffering extreme emotional distress. She began striking her head against the front divider in the passenger compartment of the patrol car.

18. Officers removed Plaintiff from the car and pinned her on the ground. Without need or justification, an officer pepper sprayed Plaintiff in the face. The other officers, including Gibson, Sainte-Agathe, Rojas, Moss, and DOES 1-10, did not intervene to prevent the pepper spraying, even though they had a reasonable

opportunity to do so. Immediately after the use of pepper spray, no medical aid was administered.

19. Plaintiff was then placed in maximum restraints and placed back inside the patrol car. Her eyes were burning from the pepper spray. Plaintiff also told the officers that the handcuffs were too tight and causing significant pain. No officer checked or adjusted the handcuffs.

20. Plaintiff was taken to the police station. Her wrist pain was unbearable, and her skin was starting to swell around the handcuffs. Plaintiff informed officers of the pain, but nobody checked or adjusted the handcuffs.

21. Despite Plaintiff's head injuries and serious pain, Defendants Gibson, Sainte-Agathe, and DOES 1-10 left Plaintiff at the station for at least two hours. Later, when the officers finally transported Plaintiff to jail for booking, the jail rejected Plaintiff as medically unfit for booking. By the time Plaintiff reached the hospital—about six hours after initially suffering her injuries—Plaintiff's skin had swollen around the handcuffs.

22. Plaintiff received medical treatment at the hospital, including the removal of the handcuffs. After being cleared by the hospital, Plaintiff was taken to jail and booked into custody.

23. Officers charged Plaintiff with several offenses, including battery on a police officer and resisting arrest. Plaintiff maintained her innocence, and the government dismissed all charges on the eve of trial.

24. As a result of the incident, Plaintiff incurred substantial medical bills, missed work, and experienced severe emotional distress. She suffered injury to her head and nerve damage to her wrist, both of which caused substantial pain and suffering.

//

//

//

## FIRST CAUSE OF ACTION

**Against Defendants Gibson, Sainte-Agathe, Rojas, Moss, and DOES 1-10**
**Excessive Force – 42 U.S.C. § 1983**

25. Plaintiff realleges and incorporates by reference the paragraphs stated above.

26. Based on these allegations, Defendants Gibson, Sainte-Agathe, Rojas, and DOES 1-10 used unreasonable, unjustified, and excessive force on Plaintiff. Further, Defendants used this excessive force under color of law, which constituted an unlawful seizure in violation of Plaintiff's rights under the Fourth Amendment to the U.S. Constitution.

27. In addition, Defendants Gibson, Sainte-Agathe, Rojas, Moss, and DOES 1-10 had a reasonable and realistic opportunity to intervene when fellow officers used excessive force on Plaintiff, but failed to do so.

28. As a proximate result of the excessive force, Plaintiff suffered the damages set forth in Paragraph 24. Thus, Plaintiff is entitled to compensatory damages, under 42 U.S.C. § 1983, in an amount to be proven at trial.

29. Plaintiff is further entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

30. In committing the acts alleged above, Defendants acted maliciously and were guilty of a wanton and reckless disregard for Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**Against Defendants Gibson, Sainte-Agathe**
**Unlawful Detention – 42 U.S.C. § 1983**

31. Plaintiff realleges and incorporates by reference the paragraphs stated above.

//

32. Based on these allegations, Defendants Gibson and Sainte-Agathe unlawfully detained Plaintiff. A reasonable person in Plaintiff's position, grabbed and handcuffed, would not have felt free to leave. And at the time the detention began, neither Defendant Gibson nor Defendant Sainte-Agathe had reasonable suspicion that Plaintiff had committed a crime. Defendants detained Plaintiff under color of law, which constituted an unlawful seizure in violation of Plaintiff's rights under the Fourth Amendment to the U.S. Constitution.

33. As a proximate result of the unlawful detention, Plaintiff suffered the damages set forth in Paragraph 24. Thus, Plaintiff is entitled to compensatory damages, under 42 U.S.C. § 1983, in an amount to be proven at trial.

34. Plaintiff is further entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

35. In committing the acts alleged above, Defendants acted maliciously and were guilty of a wanton and reckless disregard for Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

**Against Defendants Gibson, Sainte-Agathe, Rojas, Moss, and DOES 1-10**
**Unlawful Arrest – 42 U.S.C. § 1983**

36. Plaintiff realleges and incorporates by reference the paragraphs stated above.

37. Based on these allegations, Defendants Gibson, Sainte-Agathe, Rojas, Moss, and DOES 1-10 arrested Plaintiff without probable cause that Plaintiff had committed a crime. Defendants made this arrest under color of law, which constituted an unlawful seizure in violation of Plaintiff's rights under the Fourth Amendment to the U.S. Constitution.

//

//

38. In addition, Defendants Gibson, Sainte-Agathe, Rojas, Moss, and DOES 1-10 had a reasonable and realistic opportunity to intervene and prevent the unlawful arrest, but failed to do so.

39. As a proximate result of the unlawful arrest, Plaintiff suffered the damages set forth in Paragraph 24. Thus, Plaintiff is entitled to compensatory damages, under 42 U.S.C. § 1983, in an amount to be proven at trial.

40. Plaintiff is further entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

41. In committing the acts alleged above, Defendants acted maliciously and were guilty of a wanton and reckless disregard for Plaintiff's rights. As a result, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
**Against Defendants Rojas and DOES 1-10**
**Due Process Violation – 42 U.S.C. § 1983**

42. Plaintiff realleges and incorporates by reference the paragraphs stated above.

43. As a pretrial detainee, Plaintiff was entitled under the Due Process Clause to be free from excessive force while in custody. While at the police station, however, Defendants Rojas and DOES 1-10 refused to check or remove the handcuffs that were causing Plaintiff substantial pain and swelling. In addition, these Defendants repeatedly grabbed Plaintiff by the handcuffs when moving her around, which exacerbated the pain. This intentional infliction of unnecessary pain, and the officers' deliberate indifference to Plaintiff's obvious need for relief from the handcuffs, was excessive force in violation of the Due Process Clause to the U.S. Constitution.

44. As a proximate result of the excessive force in violation of Due Process, Plaintiff suffered the damages set forth in Paragraph 24. Thus, Plaintiff is

entitled to compensatory damages, under 42 U.S.C. § 1983, in an amount to be proven at trial.

45. Plaintiff is further entitled to costs and reasonable attorney’s fees under 42 U.S.C. § 1988.

46. In committing the acts alleged above, Defendants acted maliciously and were guilty of a wanton and reckless disregard for Plaintiff’s rights. As a result, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. Compensatory damages, including both general and special damages;
2. Punitive damages;
3. Attorney fees under 42 U.S.C. section 1988(b);
4. Costs incurred in this lawsuit;
5. Prejudgment interest; and
6. Other relief that the Court deems proper.

Respectfully submitted,

Dated: October 30, 2016

*/s/Thomas E. Robertson*
Thomas E. Robertson (SBN 262659)
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all causes of action.

Respectfully submitted,

Dated: October 30, 2016

*/s/Thomas E. Robertson*
Thomas E. Robertson (SBN 262659)
Attorney for Plaintiff